# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| |
|---|
| LORRAINE RUBES, |
|        Plaintiff, |
| v. |
| KOHL'S, et al., |
|        Defendants. |

Civil Action No.

2:17-cv-04161 JLL-SCM

OPINION AND ORDER

**STEVEN C. MANNION,** United States Magistrate Judge.

Before the Court is Defendant, Kohl's Department Stores, Inc.'s ("Kohl's") motion to transfer to the case to the Middle District of Pennsylvania.[1] The Honorable Jose Linares, U.S.D.J. referred the motion to the undersigned on July 14, 2017. The Court has reviewed the parties' submissions and decided this matter without oral argument. For the reasons stated below, the Court transfers this matter to the United States District Court for the Middle District of Pennsylvania.

## I.    BACKGROUND AND PROCEDURAL HISTORY

This is a personal injury action brought on the grounds of diversity jurisdiction.[2] Plaintiff, Lorraine Rubes ("Ms. Rubes") is a New Jersey resident who claims that she was

---

[1] (ECF Docket Entry ("D.E.") 2).

[2] (*Id.* Ex. B, at ¶ 8).

injured on the Kohl's premises located at 5045 Windsor Drive, Bartonsville, Pennsylvania.[3] Ms. Rubes alleges that Kohl's "negligently, maintained, operated, supervised, and/or controlled the premises" in a way that created a hazardous condition, causing her to slip and fall and resulting in her severe and permanent personal injuries.[4] Ms. Rubes claims that as a result of Kohl's negligence, she was caused to expend large sums of money to cure her personal injuries, including her pain and mental anguish, which have prohibited her from pursuing her occupational goals.[5] Defendant Kohl's is domiciled in Wisconsin, and has multiple stores in both Pennsylvania and New Jersey. The accident occurred at one of its stores in Bartonsville, County of Monroe, Pennsylvania, which is located in the Middle District of Pennsylvania.[6]

## II. DISCUSSION AND ANALYSIS

This Court finds that the case should be transferred from the District of New Jersey to the Middle District of Pennsylvania. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ."[7] Courts consider private and public interest factors in applying

---

[3] (D.E. 1 at ¶ 6).

[4] (*Id.*).

[5] (*Id.* at ¶ 5).

[6] (D.E. 2 at ¶ 1).

[7] 28 U.S.C. § 1404(a).

Section 1404(a).[8] "The decision whether to transfer falls in the sound discretion of the trial court."[9]

As a preliminary matter, this action may have been brought in the Middle District of Pennsylvania under 1391(b)(2). Under that section, a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…."[10] Because Ms. Rubes slipped and fell at the Kohl's premises in Bartonsville, Pennsylvania,[11] a substantial part of the events giving rise to the claim occurred in the Middle District of Pennsylvania.

**1. Private interests support transfer**

The private interest factors on balance weigh in favor of transfer to the Middle District of Pennsylvania. Under *Jumara*, courts consider the following private interest factors:

> [P]laintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).[12]

Here, several factors weigh in favor of transfer. "[W]hether the claim arose elsewhere"[13] weighs strongly towards transfer because the events giving rise to this action occurred entirely in

---

[8] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995).

[9] *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000).

[10] 28 U.S.C. § 1391(b)(2).

[11] (D.E. 2).

[12] *Jumara*, 55 F.3d at 879 (internal citations omitted).

[13] *Id*.

the Middle District of Pennsylvania.[14] Although Ms. Rubes chose to litigate this case in New Jersey and resides in New Jersey, "the deference given to a plaintiff's choice of forum is reduced when the operative facts that give rise to the action occur in another district."[15] The employees and managers of the Kohl's store are located in Pennsylvania, as are the eyewitnesses and police/emergency medical personnel who responded to the incident. The store itself is located in Bartonsville, Pennsylvania, and the premises of the store may need to be inspected or evaluated. Although Ms. Rubes' treating physicians are located in New Jersey, there is no indication that copies of any medical records cannot be produced electronically. Finally, requiring Ms. Rubes to litigate in the Middle District of Pennsylvania, rather than in Newark, New Jersey, will only create a small inconvenience to the plaintiff, if any, as the distance between the courts is minimal, appearing to be about 111 miles.

Therefore, on balance, the private interest factors weigh towards transfer to the Middle District of Pennsylvania.

**2. Public interests support transfer**

The public interest factors also weigh towards transfer to the Middle District of Pennsylvania. Courts consider the following public interest factors under *Jumara*:

> [T]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local

---

[14] (D.E. 2).

[15] *Allianz Life Ins. Co. of North America v. Estate of Bleich*, 2008 WL 4852683 *4 (D.N.J. Nov. 7, 2008) (internal citations omitted).

controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.[16]

Here, several of these factors weigh in favor of transfer. Practical considerations making the trial "easy, expeditious, or inexpensive"[17] weigh towards transfer for two reasons: (1) the enforceability of the judgment would not be difficult since Kohl's is located within that district and (2) it is likely that the great majority of evidence will come from Pennsylvania. "[L]ocal interest[s] in deciding local controversies at home"[18] also weigh towards transfer because the matter is local to Pennsylvania, and "the public policies of the fora"[19] weigh towards transfer because "New Jersey jurors should not be burdened with adjudicating a matter concerning decisions and/or conduct which occurred almost exclusively outside the State of New Jersey."[20] Overall, the public factors weigh towards transfer.

### III. CONCLUSION

On balance, the *Jumara* factors favor transfer and transfer is proper under 28 U.S.C. § 1404. The Court finds that transfer to the Middle District of Pennsylvania is in the interests of justice. An appropriate order follows.

---

[16] *Jumara*, 55 F.3d at 879-80 (internal citations omitted).

[17] *Id.* at 879.

[18] *Jumara*, 55 F.3d at 879.

[19] *Id*.

[20] *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 526 (D.N.J. 1998).

# ORDER

**IT IS** on this Tuesday, September 19, 2017,

**ORDERED** that the Clerk of the Court transfer this action to Middle District of Pennsylvania.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/19/2017 4:26:43 PM

Original: Clerk of the Court
Hon. Jose L. Linares, U.S.D.J.
cc: All parties
  File