**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LORRAINE RUBES,** | : | **No. 3:17cv1842** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **KOHL'S DEPARTMENT STORES,** | : | |
| **INC.,[1] JOHN DOE I-X, and ABC** | : | |
| **CORP. I-X,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Before the court for disposition is a motion for summary judgment filed by

Defendant Kohl's Department Stores, Inc. (hereinafter "Kohl's) in this negligence

action. Having been fully briefed, the matter is ripe for disposition.

**Background**

This case involves a slip-and-fall accident suffered by Plaintiff Lorraine

Rubes at a Kohl's store in Bartonsville, Pennsylvania. On November 20, 2016, at

approximately 12:45PM, the plaintiff arrived at the store, which is owned by the

defendant. (Doc. 27, Def.'s Stmt. of Mat. Facts ("SOF") ¶ 3).[2] The weather

_____

[1] Although plaintiff's complaint names the defendant as "Kohl's," the defendant
has subsequently informed the court that its proper title is "Kohl's Department
Stores, Inc." (Doc. 1, Notice of Removal).

[2] For this brief factual background section, we will cite to the defendant's
statement of material facts as to which no genuine issue remains to be tried.

conditions outside on that day were poor, with reports of a mix of snow and rain. (Id. ¶ 4).

The plaintiff proceeded to enter the store through the doorway, and took approximately three to four steps forward before she slipped and fell to the ground. (Id. ¶ 5). The plaintiff does not recall seeing any water on the floor before she fell, and was not able to identify the specific cause of the accident. (Id. ¶¶ 7, 11). The plaintiff also does not recall seeing wet floor signs, which the parties agree were placed at the entrance earlier that morning by the defendant's operational supervisor. (Doc. 29, Pl.'s SOF ¶ 20). No eye-witnesses saw the fall take place.  (Doc. 27, Def.'s SOF ¶ 18). After she had fallen, plaintiff noticed that there was some water near the entrance, though none was near her body. (Id. ¶ 10).

The plaintiff alleges that this fall caused her severe and permanent personal injuries. (Doc. 1, Compl. ¶ 4). As such, plaintiff filed a complaint in the Superior Court of New Jersey, Bergen County on April 21, 2017. (Id.) On June 8, 2017, the defendant removed the case to this court. (Id., Notice of Removal). The complaint raises one count of negligence. The parties thereafter engaged in discovery. At the close of discovery, the defendant filed the instant motion, bringing the case to its present posture.

**Jurisdiction**

This case is before us based upon diversity of citizenship. 28 U.S.C. § 1332(a). Cases are properly brought in federal district court under the diversity statute when the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000.00. See 28 U.S.C. § 1332(a). Instantly, complete diversity exists and the amount in controversy exceeds $75,000. As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n. 4 (3d Cir.1997) (citing FED. R. CIV. P. 56(C)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir.1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**Discussion**

The defendant seeks summary judgment on the plaintiff's claim of negligence. Under Pennsylvania law, "[a] prima facie negligence claim requires the plaintiff to show that: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach

caused the harm in question; and (4) the plaintiff incurred actual loss or damage."
Krentz v. Consol. Rail Corp., 589 Pa. 576, 910 A.2d 20, 27 (Pa.2006).

This case involves alleged negligence after a slip-and-fall at a business. Plaintiff was a business invitee at Kohl's on November 20, 2016. See Estate of Swift v. Northeastern Hospital, 680 A.2d 719, 723 (Pa. Super. Ct. 1997) ("a business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land."). "The landowner's duty of protection toward business visitors is the highest duty owed to any entrant upon land, and the landowner is under an affirmative duty to protect the business visitor not only against dangers which he knows, but also against those which with reasonable care he might discover. The business visitor enters landowner's premises with implied assurance of preparation and reasonable care for his protection and safety while he is there." Treadway v. Ebert Motor Company, 436 A.2d 994, 998 (Pa. Super. Ct. 1981) (quoting Crotty v. Reading Industries, Inc., 345 A.2d 259, 262–64 (Pa. Super. Ct. 1975)). Thus, to prevail under these circumstances, a plaintiff "must prove either that the proprietor had a hand in creating the harmful condition, or that he had actual or constructive notice of such condition." Moultrey v. Great A & P Tea Co., 422 A.2d 593, 598 (Pa. Super. Ct. 1980).

The defendant does not deny that it had a duty to keep the premises safe for the plaintiff or that plaintiff was injured because of her fall. Instead, defendant focuses the inquiry on whether the plaintiff has established that her slip-and-fall was caused by a hazardous condition in the store, i.e., an alleged wet floor. The defendant contends that the plaintiff has failed to present sufficient evidence to establish that the defendant's alleged negligence was the cause of her injuries. After a careful review, we agree with the defendant.

It is well recognized that the mere occurrence of an accident does not establish negligent conduct. Hillelson v. Renner, 130 A.2d 212, 214 (Pa. Super. Ct. 1957) ("Proving that an accident happened, or the existence of an opportunity for it to happen is entirely insufficient to establish negligence.") Causation is a vitally important link that needs to be proven in order to find negligent conduct. Cuthbert v. Philadelphia, 209 A.2d 261, 263 (Pa. 1965). Pennsylvania law is clear that a jury cannot be permitted to return a verdict based merely on speculation or conjecture. Smith v. Bell Telephone Co., 153 A.2d 477, 479-80 (Pa. 1959). Rather, as noted by the Pennsylvania Supreme Court:

> [T]here must be evidence upon which logically its conclusion may be based. ... Clearly this does not mean that the jury may not draw inferences based upon all the evidence and the jurors' own knowledge and experiences, for that is, of course, the very heart of the jury's function. It means only that the evidence presented must be such that by reasoning from it, without resort to prejudice or guess, a jury can reach the conclusion sought by plaintiff, and not that that conclusion must be the only one which logically can be [sought].

Smith, 153 A.2d at 479-80 (citations omitted).

While a plaintiff need not "prove with mathematical exactness that the accident could only have been caused in one manner," other non-negligent "causes, including the conduct of the plaintiff and third persons ... [must be] sufficiently eliminated [as suggested] by the evidence." Calhoun v. Jersey Shore Hosp., 378 A.2d 1294, 1298 (Pa. Super. Ct. 1977) (quoting RESTATEMENT (SECOND) OF TORTS 328 D(1)(B) (1965)). See, e.g., Houston v. Republican Athletic Ass'n, 22 A.2d 715, 716 (Pa. 1941) ("Where a defendant is liable for only one or two or more equally probable causes and to say which is a mere guess, there can be no recovery.")

Here, the defendant argues that the plaintiff has failed to present sufficient evidence to establish that a wet floor caused the plaintiff to fall. In support of its position, the defendant points to several deficiencies in the evidence presented that they maintain would "force [a jury] to use conjecture and speculation in determining the cause of the plaintiff's injuries. (Doc. 26, Def.'s Br. in Supp. at 8). Specifically, the defendant notes that "1) the Plaintiff is the only witness to the fall; 2) there is no evidence of any puddles or water on the floor in any of the photographs presented; 3) the Plaintiff herself admits that she did not see any water on the ground, feel any moisture on her clothing after her fall, and even

stated that her shoes may have been wet from the outside, causing her to slip." (Id. at 9).

These deficiencies are fatal to the plaintiff's case. As noted above, the plaintiff has presented no evidence that the floor was wet where she slipped. Although she is unable to say for certain, plaintiff believes that her fall may have resulted from either moisture on the bottom of her shoe, or a wet floor. (Doc. 25-1, Dep. of Pl. 68:10-11). While this uncertainty in and of itself is not fatal to her case, the fact that plaintiff has presented no evidence of wetness on the floor is.

When asked by counsel whether she observed any moisture on the floor before she fell, the plaintiff replied: "It could have been wet." (Id. at 32:19). When further pushed on the question, the plaintiff admitted that she did not actually observe any water on the floor when she walked into the store. (Id. at 32:22-24). When asked whether she observed water on the floor at any point after her fall, the plaintiff testified that she saw "a little water" on the floor, though it was not located near her body.  (Id. at 35:23-25, 36:1-6). The plaintiff later admitted that she was not able to describe the water that she saw, but she recalls that "the floor was shiny." (Id. at 37:11-13).

The plaintiff, in support of her argument that the floor was wet, points out that the defendant's area supervisor, Christine Fernandez, admitted that she observed water on the floor in the area where the plaintiff fell. However,

8

Fernandez was clear that "[the floors] were dry with the exception of a drop of water that was on the floor." (Doc. 28-2, Dep. of Christine Fernandez 15:15-16). Notably, Fernandez also stated that "[the water] look[ed] like it just came off [plaintiff's] sneaker when it had hit the floor." (Id. at 15:18-19). This observation by Fernandez, if anything, actually supports plaintiff's statement that "[her] shoes maybe were wet." (Doc. 25-1, Dep. of Pl. 68:10-11).

We further find that plaintiff's reliance on the wet floor signs as essentially the sole evidence that the floor was in fact wet prior to the plaintiff entering the store is misplaced. The defendant's operational supervisor, Matthew Netzgar, stated that he placed the wet floor signs out on the day of the incident, prior to the store opening, because he knew that the weather forecast predicted precipitation that day. (Doc. 28-3, Dep. of Matthew Netzgar 9:11-13). Christine Fernandez noted that it was common store protocol to put the signs out as soon as it starts raining, and to leave them out throughout the day whether or not the rain had ceased. (Doc. 28-2, Dep. of Christine Fernandez 8:14-18). The only evidence that the plaintiff presents to dispute this point is in the form of a statement from Diane Gentiles, an employee of the defendant. Gentiles suggested that wet floor signs would only be put out if the floor was wet. (Doc. 28-4, Dep. of Diane Gentiles 15:12-14). Gentiles admits, however, that she was not involved in the placement of the signs, nor was she located in the same area

of the store where the plaintiff fell at the time of plaintiff's accident. (Id. 12:8-11).

As such, we are unpersuaded that the wet floor signs were put out because the floor was in fact wet at the time of plaintiff's fall.

The plaintiff has failed to present sufficient evidence to refute that water on the bottom of her shoes caused her to slip and fall. Based on the record before us, we agree with the defendant that the plaintiff has presented two or more equally probable causes for her fall, and to say which would be a mere guess.

**Conclusion**

Accordingly, in the absence of a genuine issue of material fact, we will grant the defendant's motion for summary judgment.[3] An appropriate order follows.


Date: June 29, 2018                    **s/ James M. Munley_____**
                                       **JUDGE JAMES M. MUNLEY**
                                       **United States District Judge**

---

[3] Also included in the plaintiff's complaint are John Doe I-X and ABC Corp. I-X. The plaintiff has not identified who these defendants are, and the time for such identification has passed. As such, these parties will be dismissed from the case.